UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLASCO WRIGHT,

                    Petitioner,

          - against -

RAYMOND COVENY,

                    Respondent.

22-cv-8802 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

The petitioner, Glasco Wright, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner seeks to vacate his 1990 conviction in the New York State Supreme Court, New York County, for two counts of murder in the second degree in violation of New York Penal Law § 125.25. The petitioner was sentenced to two consecutive terms of 25 years to life imprisonment, amounting to a total sentence of 50 years imprisonment, which the petitioner is currently serving. In this petition, the petitioner alleges three claims: (1) that he was denied arraignment and not assigned counsel; (2) that the prosecutor failed to turn over exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963); and (3) that the judgment was obtained in violation of the petitioner's constitutional rights because the prosecutor elicited evidence at trial about the petitioner's arrest when the charges for that arrest had been dropped.

The respondent moves to dismiss the petition, arguing that it is untimely pursuant to 28 U.S.C. § 2244(d). For the following reasons, the petition for a writ of habeas corpus is **dismissed.**

I.

The following facts are taken from the petition, ECF No. 1, unless otherwise noted.

Following a jury trial in the New York State Supreme Court, New York County, the petitioner was convicted of two counts of murder in the second degree in violation of N.Y. Penal Law § 125.25. On April 17, 1990, the petitioner was sentenced to fifty years to life imprisonment. Pet., ECF No. 1, at 1. The petitioner appealed his conviction to the New York State Supreme Court, Appellate Division, First Department. On October 3, 1991, the Appellate Division unanimously affirmed the petitioner's conviction. Id. at 2; see also People v. Wright, 574 N.Y.S.2d 552 (App. Div. 1991). On December 5, 1991, the New York State Court of Appeals denied the petitioner's application for leave to appeal. Pet. at 2-3; see also People v. Wright, 588 N.E.2d 112 (N.Y. 1991).

On March 26, 2018, the petitioner filed a post-conviction motion to vacate the judgment against him pursuant to N.Y. Crim. Proc. Law § 440.10. The motion was filed in the New York State Supreme Court, New York County. Pet. at 3. On July 27, 2018,

that Court denied the petitioner's motion. Id. at 4. The petitioner appealed the denial of that motion, and that appeal was denied on February 28, 2019. Id. at 6.

On August 30, 2019, the petitioner filed a state petition for a writ of habeas corpus in the New York State Supreme Court, Chemung County. Id. On December 20, 2019, that Court denied the state petition for a writ of habeas corpus. Id. On February 28, 2020, the petitioner appealed the denial of his state petition to the Appellate Division. On November 5, 2020, the Appellate Division denied the petitioner's appeal. On June 22, 2021, the New York Court of Appeals dismissed the petitioner's appeal from the Appellate Division for lack of prosecution. See ECF No. 1-1 at 10.

On April 6, 2022, the petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction on the grounds that (1) he was not assigned counsel, (2) the prosecutor failed to turn over exculpatory evidence in violation of Brady, and (3) the judgment was obtained in violation of the petitioner's constitutional rights.

## II.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a statute of limitations period for habeas petitions brought pursuant to 28 U.S.C. § 2254. See Cosey v. Lilley, 460

3

F. Supp. 3d 346, 369 (S.D.N.Y. 2020).[1] 28 U.S.C. § 2244(d)

provides that:

> (1)   A 1-year period of limitation shall apply for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action or in violation of the constitution or laws of the United States is removed, if the application was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

"If a petitioner fails to file his petition within Section 2244(d)'s statute of limitations period, he may overcome this time bar if he shows that his petition should be equitably tolled or that his petition is subject to the actual innocence exception." Cosey, 460 F. Supp. 3d at 369. The actual innocence exception requires the petitioner to "show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. The petitioner is thus

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

required to make a stronger showing than that needed to establish prejudice." Schlup v. Delo, 513 U.S. 298, 327 (1995).

For purposes of 28 U.S.C. § 2244(d)(1)(A), the one-year clock begins to run on the date that the state court judgment "became final." Wall v. Kholi, 562 U.S. 545, 550 (2011). "In New York, a [petitioner's] conviction becomes final ninety days after leave to appeal to the Court of Appeals is denied." Gutierrez v. Smith, 702 F.3d 103, 108 n.2 (2d Cir. 2012). If the petitioner's conviction became final before the date AEDPA was enacted,[2] the one-year period runs from April 24, 1996, which is AEDPA's effective date. Wood v. Milyard, 566 U.S. 463, 468 (2012).[3]

Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or

---

[2] AEDPA was enacted on April 24, 1996. See Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996).
[3] The petitioner has not satisfied any of the other provisions of 28 U.S.C. § 2244(d)(1) that can trigger the one-year statute of limitations. The petitioner has not identified a state-created impediment to the filing of his habeas petition, see 28 U.S.C. § 2244(d)(1)(B), and does not invoke a newly recognized constitutional right retroactively applicable to his conviction, see 28 U.S.C. § 2244(d)(1)(C). The petitioner's claim that the prosecutor failed to turn over exculpatory evidence in violation of Brady v. Maryland is also unpersuasive, because the arrest report that the petitioner relies on for this claim was turned over to the petitioner in 2014, which would allow the petitioner until only 2015 to file this petition. Accordingly, 28 U.S.C. § 2244(d)(1)(D) is also inapplicable.

claim is pending shall not be counted toward any period of limitation under" 28 U.S.C. § 2244(d)(1); see also Wall, 562 U.S. at 550. To benefit from Section 2244(d)(2) tolling, the application for state post-conviction or other collateral review must have been filed before the expiration of the one-year limitations period provided by 28 U.S.C. § 2244(d)(1). See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) ("[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run.").

In this case, the New York Court of Appeals denied the petitioner's leave to appeal on December 5, 1991. Accordingly, the petitioner's state court judgment became final on March 4, 1992, ninety days after December 5, 1991. Because the petitioner's state court judgment became final before AEDPA's effective date, the statute of limitations on the petitioner's federal habeas petition began to run on April 24, 1996, and the petitioner had until April 24, 1997 to file the current federal habeas petition.

The petitioner filed this petition on March 31, 2022, when the petitioner, proceeding pro se, delivered the petition to prison officials to be mailed. See Noble v. Kelly, 246 F.3d 93, 97 (2d Cir. 2001) (outlining the "prison mailbox rule"). The

6

petition was filed long after the one-year statute of
limitations period expired, and the petitioner's applications
for state post-conviction or collateral relief were not filed
prior to the expiration of this limitations period. Because the
filing of post-conviction petitions does not reset the date for
bringing a federal petition for habeas corpus, and because the
date expired long ago, the current petition is time-barred. See
28 U.S.C. § 2244(d)(2); see also McGinnis, 208 F.3d at 17.

In any event, granting the petitioner every possible
benefit of timing, including the tolling provisions of 28 U.S.C.
§ 2244(d)(2), and excluding the time during which all the time
the petitioner's post-conviction applications were pending would
not make his petition timely. The petitioner filed his first
motion for post-conviction relief pursuant to N.Y. Crim. Proc.
Law § 440.10 on March 26, 2018. Pursuant to 28 U.S.C. §
2244(d)(2), the petitioner's one-year statute of limitations
would have been tolled during the pendency of his Section 440.10
proceedings, which concluded on February 28, 2019, the date that
the Appellate Division denied the petitioner's application for
leave to appeal the denial of his Section 440.10 motion. 183
days elapsed from that date until the petitioner filed his state
petition for a writ of habeas corpus on August 30, 2019.
Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations
would have been tolled again during the pendency of his state

7

habeas proceedings. Those proceedings concluded on June 22, 2021, when the New York State Court of Appeals dismissed the petitioner's appeal from the Appellate Division's denial of the state habeas petition. From June 22, 2021, another 282 days elapsed before March 31, 2022, the date the petitioner filed the current habeas petition. Accordingly, giving the petitioner the benefit of the 28 U.S.C. § 2244(d)(2) tolling provisions still would not render the petition timely because, in total, the petition was still filed outside of the one-year limitations period.

"If a petitioner fails to file his petition within Section 2244(d)'s statute of limitations period, he may overcome this time bar if he shows that his petition should be equitably tolled or that his petition is subject to the actual innocence exception." Cosey, 460 F. Supp. 3d at 369. The petitioner does not argue for actual innocence, and there is no basis for equitable tolling in this case. "Equitable tolling applies only in the rare and exceptional circumstance." McGinnis, 208 F.3d at 17. To be entitled to equitable tolling, the petitioner "must show that extraordinary circumstances prevented him from filing his petition on time," and that he "acted with reasonable diligence throughout the period he seeks to toll." Id. The petitioner does not point out any extraordinary circumstances that prevented him from filing the petition on time. Moreover,

granting the petitioner every benefit of timing to which he could conceivably be entitled would still not make his petition timely. Accordingly, the respondent's motion to dismiss is **granted.**

### CONCLUSION

The Court has considered all the arguments of the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. For the foregoing reasons, the respondent's motion to dismiss is **granted,** and the petition for a writ of habeas corpus is **dismissed** as untimely. The Clerk is directed to close this case and all pending motions.

**SO ORDERED.**

Dated:     New York, New York
           July 5, 2023

                                        _____
                                        John G. Koeltl
                                        United States District Judge